**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**CHRISTOPHER RYAN MARDIS**                                                            **PLAINTIFF**

**VS.**                                             **CIVIL ACTION NO. 3:14CV716-LRA**

**KEMPER COUNTY**                                                                        **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This cause is before the undersigned Magistrate Judge *sua sponte* for evaluation pursuant to 28 U.S.C. § 1915(e)(2).  The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a  defendant who is immune from such relief."  A plaintiff's claim shall be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998).

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on March 18, 2015, at the Jackson Federal Courthouse in Jackson, Mississippi.  Christopher Ryan Mardis ("Plaintiff" or "Mardis") appeared *pro se*, and Defendants were represented by J. Chadwick Williams, Allen, Allen, Breeland & Allen, PLLC, P. Box 751, Brookhaven, Mississippi   39602.

The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny.  Mardis explained his claims under oath to the Court, and this explanation has been considered in conjunction with the allegations contained in the Complaint and pleadings.

## FACTS

Jurisdiction of this case is based upon 42 U.S.C. § 1983.  Plaintiff was initially housed at the Lauderdale County Detention Facility [LCDF] in May of 2014.  He was charged with robbery and a parole violation at that time.  Mardis testified that he was having problems and getting into physical altercations with the other inmates at LCDF.  He was finally "jumped on" by other inmates and was transferred to the Kemper County Jail "for safety and security issues."

Upon his arrival in Kemper County, Mardis contends that his file had the notation that he should not be housed around Terrance Reed, an inmate he had problems with in LCDF.  Yet the first Sunday there, he went to church.  Terrence Reed walked in afterwards and tried to hit Mardis.  Mardis defended himself, and they began fighting in church.  Mardis was sent back to his zone and told that he would be transferred back to LCDF as a result of the fight.  Plaintiff testified that he was not hurt as a result of the fight, as Reed "couldn't fight, not really."  Neither of them hurt the other.  They were never housed near each other again, as the officials made sure of it.  When asked what his damages were, Mardis testified that he had to "sit there and be miserable....You had to sit

there and be housed with people that you didn't want to be housed with you.  You were uncomfortable at all times."

Mardis claims that Lauderdale County should not have sent its prisoners to Kemper County.  Furthermore, Kemper County should not house all of its inmates together.  According to Mardis, it houses Lauderdale County inmates with Kemper County inmates, both misdemeanors and state inmates..."they just mingle us all together."  Mardis testified that his claim is based on safety and security issues and wrongful housing.

Mardis also testified that he was housed in Kemper County for about three weeks, and then he escaped by jumping over a fence.  Kemper County labeled Mardis as "armed and dangerous" after the escape, and this was reported by the news stations.  This caused a civilian to "act as a hero" and shoot at Mardis.  He was arrested three miles from the jail.  He was not shot or injured when arrested after the escape, but he is suing Kemper County for libel and slander because some county official (possibly the warden) reported that he was armed and dangerous.  Mardis claims this was untrue because he had no weapon and he had never been convicted of a violent crime.

Plaintiff testified regarding his specific complaints, and the Court refers to his sworn testimony from this hearing [*See* transcript at 31].  The Court also refers to the initial Complaint and pleadings for other details of the claims against Defendant.

LEGAL ANALYSIS

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence by other inmates. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002). To establish a failure-to-protect claim under section 1983, Plaintiff must show that he is/was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection. *Newton v. Black*, 133 F.3d 301, 308 (5th Cir. 1998); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). Further, to act with deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." *Newton*, 133 F.3d at 308 (quoting *Farmer*, 511 U.S. at 837). Whether a prison official had the requisite knowledge of a substantial risk is a question of fact. *Neals*, 59 F.3d at 533. Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of Cnty. Comm'rs of Bryan Cnty v. Brown*, 530 U.S. 397, 410 (1997).

Mardis conceded to the Court that he was not physically injured by inmate Reed or any other inmate; he suffered *mentally* due to being housed near Reed. 42 U.S.C. § 1997(e) provides that "[n]o federal civil action may be brought by a prisoner for mental or emotional injury suffered while in custody without a prior showing of physical injury.

4

The "physical injury" required by § 1997(e) "must be more than de [minimis] but need not be significant."  *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).

In this case, considering the facts as stated by Mardis, no constitutional claim has been alleged because he suffered no actual physical injury resulting from the prison officials' purported failure to protect him.  *See Castellano v. Treon*, 79 Fed.Appx. 6 (5th Cir. 2003) (no error in dismissing failure to protect claim as frivolous when there is no actual physical injury); *Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (citing statutory bar of recovery for emotional or mental damages absent a physical injury); *Luong v. Hatt*, 979 F.Supp. 481, 485 (N.D. Tex. 1997) (citing statutory bar in failure to protect case).  Although the inmate Reed began to assault him, Reed "couldn't really fight," and Mardis was never actually injured except "mentally."  Furthermore, Mardis was then transferred to Lauderdale County and the transfer rendered moot any claims for injunctive relief.  *See Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991).

The Court in *Farmer* clearly stated that "[n]ot every injury by one prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety."  511 U.S. at 834.  In this case, Mardis had no injury, and the law does not allow him to recover a monetary judgment against Kemper County under these circumstances.

Mardis contends that Kemper County "mingles" all the inmates convicted of misdemeanors and felonies, as well as Kemper and Lauderdale inmates.   However, it is

5

not *per se* unconstitutional to house pretrial detainees and convicted inmates together. *Galo v. Gusman,* Civil Action No. 13-4874-SS, 2014 WL 1689305 at *1 (E.D. La., Apr. 29, 2014). Some circumstances permit the housing of pretrial detainees with convicted inmates. *Pembroke v. Wood County*, 981 F.2d 225, 228 (5th Cir. 1993). There is no constitutional prohibition in housing two counties' inmates together under any circumstances. Since Mardis was not harmed due to his housing, no further analysis of this issue is necessary.

Mardis includes a state law libel and slander claim against Kemper County for allegedly telling the news stations that he was "armed and dangerous" after he admittedly escaped. The Court declines to exercise supplemental jurisdiction over this claim.

The Court finds that the facts asserted by Mardis do not state a claim upon which relief may be granted and his Complaint is frivolous under the law. For this reason, it is the recommendation of the undersigned that the Complaint be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii). Final Judgment in favor of Defendant Kemper County shall be entered.

SO ORDERED, this the 27th day of October 2015.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE